**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon Guadalupe SOBERANES–**
**FIERRO, Defendant–**
**Appellant.**

**No. 08–50555.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Oct. 28, 2010.

Harold W. Chun, Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy Allen Scott, Law Offices of Timothy A. Scott, San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM **

Ramon Guadalupe Soberanes–Fierro appeals from the 120–month sentence imposed following his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Soberanes–Fierro contends that the district court erred at sentencing by failing to grant him safety valve relief. First, and contrary to Soberanes–Fierro's arguments, the record reflects that the district court applied the correct burden of proof in determining whether Soberanes–Fierro provided the government with complete and truthful information concerning the offense. *See United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996) (defendant has burden of proving, by a preponderance of the evidence, that he is entitled to safety valve relief); *United States v. Shrestha,* 86 F.3d 935, 940 (9th Cir.1996) (burden shifts to government *only after* defendant has made requisite showing). Additionally, the record reflects that the district court did not clearly err by determining that Soberanes–Fierro failed to meet his burden. *See Ajugwo,* 82 F.3d at 929–30.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.